Armstrong v. Pierson.

## ARMSTRONG v. PIERSON.

In an action of right, the plaintiff cannot recover unless he shows that the grantor, in the deed to him had title.

In an action of right or ejectment, the plaintiff must rely on the strength of his own title.

## *Appeal from Des Moines District Court.*

*Opinion by* WILLIAMS, C. J.  John Pierson commenced his action of right against B. C. Armstrong in the district court of Desmoines county, for the recovery of the possession of lots number twenty-eight, (28) twenty-nine, (29) thirty, (30) thirty-one, (31) thirty-two, (32) and thirty-three, (33) all in Peasley's addition to the city of Burlington, in said county.  He claimed fee simple title thereto, in himself.  He also claimed damages for the detention, use and occupation thereof, one thousand dollars.

The defendant, Armstrong, appeared and filed his answer, denying plaintiff's right to the possession of the lots, and denied that the plaintiff was the owner of the lots in fee simple; and also denied that he was entitled to damages for the use, occupancy and detention thereof. He also averred in his answer that he had and held the possession of the lots in question, by virtue of a title bond executed by the plaintiff to him, for the lots on a purchase thereof, which bond was made and dated on the 18th day of June, 1851, under which he went into possession of the premises and made valuable improvements thereon.  He further averred in his answer that the plaintiff having a judgment in said court against him, the defendant caused an execution thereon to be issued, and levied on said premises as the property of said defendant, by virtue of which the said lots were sold by the sheriff of said county; and being so sold were purchased, as the

property of defendant, by plaintiff; that from the ·time of said sale the defendant had one year to redeem said lots, and that the time of redemption had not then expired, and therefore no title by virtue of said sale was vested in the plaintiff to said lots; that plaintiff was thereby estopped, &c. The plaintiff filed his replication denying the answer of the defendant. The cause by consent was submitted to the court without the intervention of a jury upon the issue joined. The court found the issue for the plaintiff, and judgment was accordingly entered. The title to the lots in question was decided to be in the plaintiff, with the costs of suit to be paid by defendant. A bill of exceptions to the proceedings was taken by defendant, and an appeal to this court.

By the bill of exceptions it appears that the only evidence which was offered by the plaintiff to sustain the issue on his part was the deed of conveyance made, executed and recorded by Francis J. C. Peasley and Mary E. Peasley his wife, to John Pierson, senior, for the lots in dispute, dated May 1, 1851, acknowledged the same day, and recorded May 3, 1851, in deed book No. 16, page 111. Here the plaintiff rested his cause. The defendant gave no evidence on his part. Thereupon the judgment of the court was entered for the plaintiff.

This judgment must be reversed. The answer of the defendant, in the most direct terms, denied the title of the plaintiff to the lots in dispute. He stood secure, in his possession of the premises, until the plaintiff, by proof of a good title, showed his right thereto. After proving the purchase of the lots, by himself, from Peasley and wife, it was necessary to show a good legal title to them in Peasley and wife, as vendors, under whom he claimed by deed. If the title of Peasley and wife was defective in law, so was his, being derived from them. He should have shown a good title in himself by legal derivation from the government, as the source. It has been so often decided that, in an action of ejectment and right, for the recovery of the

possession of real estate, the plaintiff must rely on a good title in himself, and not on the weakness of the title of a defendant who is in possession, that we deem it superfluous to adduce authorities on the subject. As we find nothing in the pleadings which defeats the right of the defendant to the benefit of this principle of law, and as it disposes of the whole case, it is unnecessary to discuss any other points presented by the issues. As the case stands, judgment should have been for the defendant.

Judgment reversed.

*J. C. Hall* and *D. Rorer*, for appellant.

*Starr* and *Phelps*, for appellee.